**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONEY A. WHITE,

        Plaintiff - Appellee,

 v.

ROBIN HAGER,

        Defendant - Appellant,

and

JEREMY BEAN, GREGORY BRYAN, RYAN CLAY, RASHEED CURRY, CHARLES DANIELS, BOB FAULKNER, WILLIAM GITTERE, Warden, CALVIN JOHNSON, RIO MANALANG, MICHAEL MINEV, ROBERT OWENS, MANUEL PORTILLO, MONIQUE HUBBARD-PICKETT, JENNIFER NASH, JACQUES GRAHAM, THERESA WICKHAM, BRIAN WILLIAMS, Warden, G. CARPENTER, RADEK DVORAK, LARRY DEAN WILLIAMSON, ERIC LOPEZ, HOLLY CROSBY, LARRY HALL, RHYS LIM, TED HANF, SCOTT MATTINSON, SIA ASIMIDAKIS, NAPHCARE, INC.,

No. 24-6836

D.C. No.
2:21-cv-01259-RFB-MDC

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|                    Defendants.                    |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted December 4, 2025[**]
San Francisco, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.

Appellee Toney White brought an Eighth Amendment claim against Nevada Department of Corrections ("NDOC") officials including Medical Administrator, Robin Hager, under 42 U.S.C. § 1983. Hager now appeals the district court's denial of her motion to dismiss on qualified immunity grounds. Her notice of appeal was filed 31 days after entry of the district court's order. Because the 30-day appeal deadline in 28 U.S.C. § 2107(a) applies, this court lacks jurisdiction to hear Hager's untimely interlocutory appeal.

1. Hager argues that her appeal was timely because the "separate document rule" under Federal Rule of Civil Procedure 58(a) afforded her 180 days to appeal. We disagree. When a separate document is required for entry of a district court judgment but no separate document is filed, judgment is considered "entered" after

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

150 days. Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2)(B). The clock then begins to run for the 30-day appeal deadline. Fed. R. App. P. 4(a)(1)(A). However, our recent precedent confirms that when the district court files a collateral order, the order is considered "enter[ed] . . . when [it] appears on the docket." *McNeil v. Gittere*, 150 F.4th 1205, 1209–10 (9th Cir. 2025) (dismissing an untimely appeal of a district court's denial of summary judgment on qualified immunity grounds).

Here, the district court filed its order denying Hager's motion to dismiss on September 29, 2024. The denial of a motion to dismiss on qualified immunity grounds is an immediately appealable collateral order. *Id.* at 1208; s*ee Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (holding that "a district court's denial of a claim of qualified immunity . . . is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment"). And the "'entry' of an immediately appealable collateral order occurs when the district court files the order on the civil docket." *McNeil*, 150 F.4th at 1210–11. The order was therefore "entered" on September 29, 2024, and the deadline was 30 days later—October 29, 2024. Hager filed her notice of appeal one day late, on October 30, 2024. We lack jurisdiction to review the late-filed appeal. 28 U.S.C. § 2107(a); *Bowles v. Russell*, 551 U.S. 205, 210 (2007) ("[S]tatutory limitations on the timing of appeals" are "limitations on [a court's] own jurisdiction.").

2. Hager alternatively argues that because the district court entered its order on a Sunday, it should be considered "entered" the following Monday, but she cites no binding or persuasive case law supporting that proposition. When computing a deadline, Federal Rule of Civil Procedure 6(a)(1)(A) states that "the day of the event that triggers the period" is excluded, so time begins to run the following day. The Rule also establishes that every day in the period is counted, including intermediate weekends and holidays, and specifies that the last day is included unless it is a weekend or holiday. Fed. R. Civ. P. 6(a)(1)(B)–(C). The Rule does not make such an exception for the first day of the period. In the instant case, Sunday, September 29, 2024 "trigger[ed]" the 30-day appeal period. The 30-day clock began to run on Monday, September 30, 2024, and the final day of the period was Tuesday, October 29, 2024. Hager's notice of appeal was untimely filed the following day.

**DISMISSED.**